**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cv-00937 (MSN/WBP) |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

Plaintiff, proceeding *pro se*, filed a Motion for Leave to Proceed Under Pseudonym (ECF No. 5) and a Motion for Protective Order (ECF No. 4) (jointly, "Motions") asking to proceed under a pseudonym in this action, including in the judicial records, and asking the Court to enter a protective order limiting the use and dissemination of her identifying information. The Court GRANTS the Motions for the following reasons.

I.

On April 6, 2026, Plaintiff filed a Complaint alleging, among other things, medical negligence and that Defendants' active manipulation of Plaintiff's medical records deprived her of due process. (ECF No. 1.) Plaintiff is a disabled veteran with Attention Deficit Hyperactivity Disorder ("ADHD") and Level 1 High-functioning Autism ("ASD") (*Id*. ¶ 2.) As she alleges, the Department of Veterans Affairs ("VA") failed to administer essential medication and delayed psychiatric care, causing a life-threatening hospitalization and forcing her to withdraw from her doctoral program. (*Id*. ¶¶ 2–3, 16.) In support of her Motion, Plaintiff states that publicly disclosing her identity alongside the medical information at issue "poses an acute risk of irreparable professional stigma" and would hinder her ability to seek employment because the

allegedly manipulated medical records undermine her qualifications. (ECF No. 5 ¶ 18.) Plaintiff further argues that she is especially vulnerable because "Defendants' actions represent a calculated attempt to exploit [her] neurological profile to shield the agency from liability." (*Id*. ¶ 27.)

## II.

Rule 10 of the Federal Rules of Civil Procedure requires a complaint to identify all parties to the action. Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties . . . ."). Because pseudonymous litigation "undermines the public's right of access to judicial proceedings," a court may permit a party to proceed under a pseudonym only in "exceptional circumstances." *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014); *Doe v. Rector & Visitors of Geo. Mason*, 179 F. Supp. 3d 583, 592 (E.D. Va. 2016) (finding a pseudonym partially seals a lawsuit from the public). The Fourth Circuit has identified non-exhaustive factors courts should consider:

> [W]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; the ages of the persons whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). A party demonstrates exceptional circumstances when its interest in anonymity outweighs the "public's interest in openness and any prejudice that anonymity would pose to the opposing party." *Pub. Citizen*, 749 F.3d at 274.

## III.

The *Jacobson* factors weigh in favor of allowing Plaintiff to proceed under a pseudonym. First, Plaintiff's Motion makes clear that she does not seek to conceal her identity merely to

2

avoid annoyance or criticism but to protect her medical privacy. The Complaint and accompanying exhibits reference Plaintiff's treatment for psychiatric or neurological disorders at a VA hospital or clinic. The Court finds that these allegations pertain to topics of a "sensitive and highly personal nature," namely, Plaintiff's medical records. *See Doe v. Univ. of Md. Med. Sys. Corp.*, No. 1:23-CV-03318-JRR, 2024 WL 1604489, at *2 (D. Md. Apr. 12, 2024) (granting motion to proceed under a pseudonym where allegations pertained to plaintiff's "health information, her diagnosis with a mental health disorder, her involuntary commitment and the physical and chemical restraints applied to her during same"); *see also Doe v. Cabell Huntington Hosp., Inc.*, No. CV 3:23-0437, 2023 WL 8529079, at *2 (S.D. W. Va. Dec. 8, 2023) (finding that where the plaintiff alleged that the medical information at issue was "highly personal and sensitive," the first factor weighed "heavily in favor of permitting anonymity"); *Doe v. Chesapeake Med. Sols., LLC*, Civ. No. SAG-19-2670, 2020 WL 13612472, at *1 (D. Md. Feb. 26, 2020) (finding "information about the plaintiff's medical conditions" to be "sensitive and highly personal"). Accordingly, the first factor weighs in favor of allowing Plaintiff to proceed under a pseudonym.

Second, the Court considers whether denying the request would "pose[] a risk of retaliatory physical or mental harm" to Plaintiff. *Jacobson*, 6 F.3d at 238. While reputation risk alone does not "suffic[e] to outweigh the public interest in the openness of this litigation," *Candidate No. 452207 v. CFA Inst.*, 42 F. Supp. 3d 804, 809 (E.D. Va. 2012), public disclosure of Plaintiff's sensitive medical information poses a risk of mental harm. *E.E.O.C. v. Spoa, LLC*, No. CIV. CCB-13-1615, 2013 WL 5634337, at *3 (D. Md. Oct. 15, 2013) (permitting anonymity where party "may face psychological harm from having [their] sensitive experience made permanently available to anyone with Internet access"). Taking Plaintiff's allegations as true,

3

public disclosure of her psychiatric diagnosis and treatment "could cause further mental harm" because such a "stigma [] often attaches, however unreasonably, to a person with a mental disease." *Univ. of Md. Med. Sys. Corp.*, 2023 WL 3949737, at *3; *D.L. v. Sheppard Pratt Health Sys., Inc.*, 214 A.3d 521, 540 (Md. 2019). The second factor also weighs in favor of allowing Plaintiff to proceed under a pseudonym.

The third factor weighs against permitting Plaintiff to proceed under a pseudonym because she is an adult. *See, e.g.*, *Doe v. Merten*, 219 F.R.D. 387, 393 (E.D. Va. 2004) (finding the third *Jacobson* factor weighed against anonymity plaintiffs where most of them were adults).

Fourth, the Court considers whether the action is against a governmental entity or against a private party whose reputation may be harmed unfairly by anonymous litigation. *Jacobson*, 6 F.3d at 238. Here, Defendants are the United States of America and the Department of Veterans Affairs. The fact that Plaintiff sued the government, however, does not independently favor anonymity. *See Doe v. Pittsylvania Cnty., Va.*, 844 F. Supp. 2d 724, 730 (W.D. Va. 2012). This factor thus neither favors nor disfavors allowing Plaintiff to proceed under a pseudonym.

Fifth, the Court considers whether proceeding anonymously would create a "risk of unfairness to the opposing party." *Jacobson*, 6 F.3d at 238. No such risk exists here, where Defendants are aware of Plaintiff's identity. (ECF No. 7; *see Hersom v. Crouch*, No. 2:21-cv-00450, 2022 WL 908503 at *1 (S.D. W. Va. Mar. 28, 2022) (finding no prejudice where plaintiff had revealed his identity to defendants for discovery purposes).)

Having considered the relevant factors, the Court finds that Plaintiff has demonstrated exceptional circumstances that outweigh the public's interest in openness at this stage of the litigation. *See Spoa*, 2013 WL 5634337, at *4 (granting anonymity in court filings while ordering plaintiff to appear under her legal name at trial). Accordingly, the Court ORDERS as follows:

1.      The Court GRANTS the Motions. (ECF Nos. 4–5.)

2.      Plaintiff may proceed anonymously under the pseudonym "Jane Doe" unless or until the Court orders otherwise.

3.      Plaintiff must submit a proposed protective order on or before May 5, 2026.

Entered this 27th day of April 2026.

_____
William B. Porter
United States Magistrate Judge

Alexandria, Virginia

5